THE HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| AARON HARRIS, individually,<br><br>   Plaintiff,<br><br> v.<br><br>NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK,<br><br>   Defendant. | Case No.  2:18-cv-00134-BHS<br><br>PLAINTIFFS' TRIAL BRIEF |
| DALE SKYLLINGSTAD, individually,<br><br>   Plaintiff,<br><br> v.<br><br>NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK,<br><br>   Defendant. | Case No.  2:18-cv-00648-BHS |
| BLAINE WILMOTTE and MADISON WILMOTTE, individually,<br><br>   Plaintiffs,<br><br> v.<br><br>NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK,<br>   Defendant. | Case No.  2:18-cv-00086-BHS |

PLAINTIFFS' TRIAL BRIEF - 1
Case No.  2:18-cv-00134-BHS
Case No.  2:18-cv-00648-BHS
Case No.  2:18-cv-00086-BHS

**LUVERA LAW FIRM**
ATTORNEYS AT LAW

6700 COLUMBIA CENTER • 701 FIFTH AVENUE
SEATTLE, WASHINGTON  98104
(206) 467-6090

## I. **PARTIES**

Plaintiffs Aaron Harris, Dale Skyllingstad, Blaine Wilmotte and Madison Wilmotte, have brought these cases for personal injuries against Defendant National Railroad Passenger Corporation d/b/a Amtrak. Plaintiffs Aaron Harris and Dale Skyllingstad have also brought claims under the Washington Consumer Protection Act against Defendant Amtrak. The cases were filed separately and consolidated for trial.

Plaintiffs are represented by David Beninger, Patricia Anderson and Andrew Hoyal of the Luvera Law Firm in Seattle, and Sean Driscoll and Kristofer Riddle of the Clifford Law Firm in Chicago, Illinois. Amtrak is represented by Tim Wackerbarth and Andrew Yates of Lane Powell P.C. and Mark Landman of New York.

## II. **GENERAL NATURE OF CASE**

This case arises out of the commercial operations of Amtrak Cascades Train 501 that resulted in a derailment at nearly 80 miles per hour in a curve restricted to less than 30 mph while the train was traveling southbound near DuPont, Washington. Plaintiffs Aaron Harris and Dale Skyllingstad were commercial passengers on the Amtrak train who suffered serious injuries in the derailment. Plaintiff Blaine Wilmotte was seriously injured when one of the derailed railroad cars left the overpass and landed on I-5 on top of a truck in which Blaine was a passenger. Madison Wilmotte is the wife of Blaine Wilmotte.

## III. **SUMMARY OF CLAIMS**

Plaintiffs claim that Amtrak is guilty of common law negligence, including the violation of federal statutes and regulations. Plaintiffs also contend that Amtrak is liable as a common carrier.Plaintiffs Aaron Harris, Dale Skyllingstad, and Blaine Wilmotte are seeking damages for personal injuries they suffered as a result of the derailment. Plaintiff Madison Wilmotte is seeking damages for loss of consortium.

PLAINTIFFS' TRIAL BRIEF - 2
Case No.  2:18-cv-00134-BHS
Case No.  2:18-cv-00648-BHS
Case No.  2:18-cv-00086-BHS

**LUVERA LAW FIRM**
ATTORNEYS AT LAW

6700 COLUMBIA CENTER • 701 FIFTH AVENUE
SEATTLE, WASHINGTON  98104
(206) 467-6090

Plaintiffs Aaron Harris and Dale Skyllingstad also claim that Amtrak acted unfairly and deceptively by omitting key, material facts about the inaugural commercial operations and are pursuing claims against Amtrak under Washington's Consumer Protection Act (CPA), RCW 19.86 *et seq*.

The evidence and issues regarding liability and Plaintiffs' CPA claim are generally set out in the Motions for Summary Judgement, Responses to Summary Judgment and the Reply's filed by the respective parties.

An issue before the Court in this trial will be to what extent are Plaintiffs permitted to offer liability evidence to establish that Defendant acted unfairly or deceptively pursuant to the CPA. It is clear that the FAST Act was a safety regulation that grew out of a real-life tragedy involving an Amtrak overspeed derailment going into a curve because the engineer lost situation awareness and there was no redundant safety protection. The FAST Act requirements went into effect in December 2015.

Amtrak's failed to implement the FAST Act when it initiated service on December 18, 2017, knowing that there was a 49 m.p.h. permanent speed reduction at Milepost 19.8 to which the FAST Act applied; Amtrak had a duty under the CPA to disclose this and other material information to passengers. Although the CPA does not impose an independent duty to comply with the FAST Act, it does impose a duty on Amtrak to inform the passengers of its non-compliance before it engaged in sales, marketing and commercial transactions with passengers buying tickets for Amtrak 501.

Similarly, an issue before the Court in this trial will be to what extent Plaintiffs are permitted to offer evidence regarding how Amtrak Cascades Train 501 derailed in relation to the individual Plaintiffs' damage claims. The evidence will establish that Plaintiffs Aaron Harris, Dale

PLAINTIFFS' TRIAL BRIEF - 3
Case No.  2:18-cv-00134-BHS
Case No.  2:18-cv-00648-BHS
Case No.  2:18-cv-00086-BHS

**LUVERA LAW FIRM**
ATTORNEYS AT LAW

6700 COLUMBIA CENTER • 701 FIFTH AVENUE
SEATTLE, WASHINGTON  98104
(206) 467-6090

Skyllingstad, and Blaine Wilmotte all sustained physical and emotional injuries as a result of the derailment. *Murray v. Mossman,* 52 Wn.2d 885, 888 (1958) held that even where the only issue contested is the amount of damages—not the case here—the trial court has discretion in admitting evidence on the manner in which the accident occurred as that evidence is relevant to damages.

In regard to damages, Defendant Amtrak has stated that it will not contest liability for negligence and the compensatory damages proximately caused by the derailment of Amtrak Cascades Train 501 on December 18, 2017.  Defendants are contesting the nature and extent of Plaintiffs injuries, liability under the CPA and the amount of damages.

## IV.  ISSUES IN DISPUTE

1. Amtrak claims that it has paid all past medical bills and expenses of Plaintiffs Harris, Wilmotte, and Skyllingstad.  However, Amtrak has failed to produce any evidence that they have paid the all the medical bills for all of Plaintiffs.

2. It is anticipated that Defendant will object to the testimony of Plaintiffs' liability experts. Plaintiffs experts are streamlined given the recent summary judgment, but offer relevant testimony as to Plaintiffs Harris' and Skyllingstad's claims pursuant to the CPA.  There is also foundational testimony, if required, for a brief animation that depicts how Amtrak Cascades Train 501 derailed and came to rest.  Such evidence is relevant to all three Plaintiffs' personal injury claims.  It is anticipated that Defendants will object to any liability experts. However, it must be noted that Amtrak has not filed a motion to limit the testimony of any of the experts other than Mr. Hayes.  Rather, Amtrak has simply filed Defendant Motions *in limine* No. 1, 2, 4, and 8, Dkt. 49, seeking to limit the introduction of any liability evidence, which would not be proper given the remaining injury and CPA claims.

PLAINTIFFS' TRIAL BRIEF - 4
Case No.  2:18-cv-00134-BHS
Case No.  2:18-cv-00648-BHS
Case No.  2:18-cv-00086-BHS

**LUVERA LAW FIRM**
ATTORNEYS AT LAW

6700 COLUMBIA CENTER • 701 FIFTH AVENUE
SEATTLE, WASHINGTON  98104
(206) 467-6090

## V. **CONCLUSION**

The evidence will show that Amtrak acted unfairly or deceptively pursuant to Washington's Consumer Protection Act, RCW 19.86 *et seq.* The evidence will also show that Plaintiffs Aaron Harris, Dale Skyllingstad, and Blaine Wilmotte sustained significant personal injuries as a result of the derailment.

DATED this 15th day of August, 2019.

LUVERA LAW FIRM

*/s/ Andrew Hoyal*
David M. Beninger, WSBA 18432
Andrew Hoyal, WSBA 21349
Patricia E. Anderson, WSBA 17620
701 Fifth Avenue, Suite 6700
Seattle, WA 98104-7016
Telephone: 206-467-6090
Facsimile: 206-467-6961
Email: david@luveralawfirm.com
andy@luveralawfirm.com
patricia@luveralawfirm.com

Sean P. Driscoll
Kristofer S. Riddle
(Limited Admission Pursuant to APR 8(b))
Clifford Law Offices, P.C.
120 North LaSalle Street, Suite 3100
Chicago, Illinois 60602
Telephone: 312-899-9090
Facsimile: 312-251-1160
Email: spd@cliffordlaw.com
ksr@cliffordlaw.com

Attorneys for Plaintiffs
Harris, Skyllingstad, and Wilmotte

PLAINTIFFS' TRIAL BRIEF - 5
Case No. 2:18-cv-00134-BHS
Case No. 2:18-cv-00648-BHS
Case No. 2:18-cv-00086-BHS

**LUVERA LAW FIRM**
ATTORNEYS AT LAW

6700 COLUMBIA CENTER • 701 FIFTH AVENUE
SEATTLE, WASHINGTON  98104
(206) 467-6090

## CERTIFICATE OF SERVICE

I hereby certify that on the below date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Tim D. Wackerbarth
Andrew G. Yates
Warren E. Babb, Jr.
Jeffrey M. Odom
Katie Bass
Lane Powell, PC
1420 Fifth Avenue, Suite 4200
PO Box 91302
Seattle, WA  98111-9402
Telephone:  206.223.7000
Facsimile:  206.223.7107
wackerbartht@lanepowell.com
yatesa@lanepowell.com
babbw@lanepowell.com
odomj@lanepowell.com
bassk@lanepowell.com

DATED this 15th day of August, 2019, at Seattle, Washington.

/s/  Patti L. Bennett
PATTI L. BENNETT
Paralegal
Luvera Law Firm
701 Fifth Avenue, Suite 6700
Seattle, WA  98104-7016
Telephone: 206.467.6090
Facsimile: 206.467.6961
patti@luveralawfirm.com

PLAINTIFFS' TRIAL BRIEF - 6
Case No.  2:18-cv-00134-BHS
Case No.  2:18-cv-00648-BHS
Case No.  2:18-cv-00086-BHS

**LUVERA LAW FIRM**
ATTORNEYS AT LAW

6700 COLUMBIA CENTER • 701 FIFTH AVENUE
SEATTLE, WASHINGTON  98104
(206) 467-6090