UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BLAINE WILMOTTE and MADISON WILMOTTE,<br><br>                  Plaintiffs,<br>  v.<br><br>NATIONAL RAILROAD PASSENGER CORPORATION, d/b/a AMTRAK<br><br>                  Defendant. | CASE NO. C18-0086 BHS<br><br>ORDER ON PLAINTIFFS' OBJECTION AND REQUEST TO RECONSIDER BIFURCATION OF CONSUMER PROTECTION ACT CLAIMS |
| DALE SKYLLINGSTAD,<br><br>                  Plaintiff,<br>  v.<br><br>NATIONAL RAILROAD PASSENGER CORPORATION, d/b/a AMTRAK,<br><br>                  Defendant | CASE NO. C18-0684 |
| AARON HARRIS<br><br>                  Plaintiff,<br>  v.<br><br>NATIONAL RAILROAD PASSENGER CORPORATION, d/b/a AMTRAK,<br><br>                  Defendant | CASE NO. C18-0134 |

| 1 | This matter comes before the Court on Plaintiffs Aaron Harris and Dale
| 2 | Skyllingstad's ("Plaintiffs") objection and request to reconsider the bifurcation of their
| 3 | Washington Consumer Protection Act ("CPA") claims. Dkt. 82.
| 4 | On August 20, 2019, at the pretrial conference, the Court informed the parties that
| 5 | it intended to bifurcate Plaintiffs' CPA claim with the further intent to consolidate all of
| 6 | the CPA claims arising from Defendant National Railroad Passenger Corporation d/b/a
| 7 | Amtrak's ("Amtrak") derailment of train 501 on December 18, 2017. Dkt. 81 at 4–6.
| 8 | The Court granted Plaintiffs leave to file written objections and Amtrak leave to file a
| 9 | response. On August 23, 2019, Plaintiffs filed objections. Dkt. 82. On August 27, 2019,
| 10 | Amtrak responded. Dkt. 84.
| 11 | Upon consideration of the briefs, the Court concludes that bifurcation is
| 12 | warranted. "The court, in furtherance of convenience or to avoid prejudice, or when
| 13 | separate trials will be conducive to expedition and economy, may order a separate trial of
| 14 | any claim . . . ." Fed. R. Civ. P. 42(b). These are independent reasons, any one of which
| 15 | is sufficient to order bifurcation. *Boone v. City of Los Angeles*, 522 Fed. App'x 402, 403
| 16 | (9th Cir. 2013) ("Rule 42(b) authorizes district courts to bifurcate a trial for any one of
| 17 | the following reasons: (1) "convenience," (2) "to avoid prejudice," or (3) "to expedite
| 18 | and economize."). A district court's decision to order separate trials may be set aside
| 19 | only for an abuse of discretion. *De Anda v. City of Long Beach*, 7 F.3d 1418, 1421 (9th
| 20 | Cir. 1993). Finally, a court may bifurcate *sua sponte*. *In re Paoli R.R. Yard PCB Litig.*,
| 21 | 113 F.3d 444, 452 n.5 (3d Cir. 1997).
| 22 |

While the facts of Plaintiffs' CPA claims do not necessarily warrant bifurcation from their negligence claims, the parties are well aware of the numerous other cases stemming from the same accident that include CPA claims. *See Cottrell v. National Railroad Passenger Corporation*, C18-0072-BHS; *Harris v. National Railroad Passenger Corporation*, C18-0134-BHS; *Skyllingstad v. National Railroad Passenger Corporation*, C18-0648-BHS; *Jones v. National Railroad Passenger Corporation*, C18-5062-BHS; *Garza v. National Railroad Passenger Corporation*, C18-5106-BHS; *Mitchem v. National Railroad Passenger Corporation*, C18-5366-BHS; *Rincon v. National Railroad Passenger Corporation*, C18-5415-BHS; *Cates v. National Railroad Passenger Corporation*, C18-5448-BHS; *Douglas v. National Railroad Passenger Corporation*, C18-05451-BHS; *Ward v. National Railroad Passenger Corporation*, C18-5498-BHS; *Freeman v. National Railroad Passenger Corporation*, C18-5584-BHS; *Linton v. National Railroad Passenger Corporation*, C18-5617-BHS; *Yu v. National Railroad Passenger Corporation*, C18-5629-BHS; *Zhuang v. National Railroad Passenger Corporation*, C18-5684-BHS; *Riedel v. National Railroad Passenger Corporation*, C18-5840-BHS; *Fenelon v. National Railroad Passenger Corporation*, C18-5844-BHS; *Snyder v. National Railroad Passenger Corporation*, C18-5880-BHS; *Spurgeon v. National Railroad Passenger Corporation*, C18-5883-BHS; *Howarth v. National Railroad Passenger Corporation*, C18-5956-BHS; *Stern v. National Railroad Passenger Corporation*, C18-5972-BHS; *Thompson v. National Railroad Passenger Corporation*, C19-5234-BHS; *Emmons v. National Railroad Passenger Corporation*, C19-5534-BHS. Turning to the parties' pretrial order, Plaintiffs propose twenty-three

witnesses for liability under the CPA. Dkt. 66 at 11–12. The Court finds that liability for a CPA claim will be based on identical or substantially similar evidence establishing that Amtrak committed an unfair or deceptive act in influencing the claimant to purchase a ticket for the 501 train. Thus, the Court would preside over multiple trials in which each plaintiff could call these same twenty-some witnesses.[1] Based on these circumstances, the Court concludes that bifurcation of Plaintiffs' CPA claim is appropriate with the intention of consolidating all of the CPA claims together for one trial as to liability. This plan will promote convenience and will expedite and economize the presentation of seemingly redundant evidence. Moreover, the only prejudice that Plaintiffs will suffer is delay in the ultimate resolution of their claims. While there may be some prejudice in this delay, the Court finds that it is not undue prejudice. Therefore, the Court stands by its decision to bifurcate and denies Plaintiffs' objections and request to reconsider.

**IT IS SO ORDERED**.

Dated this 29th day of August, 2019.

BENJAMIN H. SETTLE
United States District Judge

---

[1] It is likely that the Court would allow a smaller number of witnesses unless a plaintiff could demonstrate that the twenty-three witnesses were being called to testify regarding different relevant facts or for rebuttal.