The Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DALE SKYLLINGSTAD, individually,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK,<br><br>Defendant. | Case No. 2:18-cv-00648-BHS<br><br>AMENDED COMPLAINT FOR DAMAGES |

### 1.     IDENTIFICATION OF PARTIES

1.1     Plaintiff, Dale Skyllingstad, is an adult U.S. citizen, and resident of the State of Washington.

1.2     Defendant, NATIONAL RAILROAD PASSENGER CORPORATION a/k/a AMTRAK (AMTRAK), is a corporation organized and existing under the laws of the United States of America with a principal place of business in Washington, D.C. Defendant AMTRAK has an office for the transaction of business, and transacts business in King County, Washington.

1.3     There may be unknown entities or "John Does" who may be at fault and when their identification becomes known, these pleadings may be amended accordingly. This may include but is not limited to those entities owning the tracks or cars, as well as those entities involved in

AMENDED COMPLAINT FOR DAMAGES - 1

the design or construction of the route, or in the operation of rail service, directly or through contractors and agents, such as Central Puget Sound Regional Transit Authority, a/k/a Sound Transit, a Washington municipal corporation, and/or the Washington State Department of Transportation, a/k/a WSDOT.

## 2. JURISDICTION AND VENUE

2.1   The court has federal question jurisdiction over the claims asserted herein pursuant to 28 U.S.C. § 1331, because, on information and belief, AMTRAK is a congressionally incorporated corporation, over half of whose capital stock is owned by the federal government. Venue is proper in the Western District of Washington pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this district, and AMTRAK is subject to the court's personal jurisdiction with respect to this claim.

## 3. NATURE OF OCCURRENCE

3.1.   On and before December 18, 2017, Defendant AMTRAK was a corporation doing business as a common carrier engaged in the transportation of passengers between various destinations in the states of Washington and Oregon.

3.2   On December 18, 2017, Defendant AMTRAK through its employees and/or agents, operated, managed, maintained, supervised, owned, designed, constructed and/or controlled AMTRAK Train No. 501, which originated in Seattle, Washington and was destined for other stops.

3.3   At approximately 7:33 a.m., AMTRAK Train No. 501 traveled on a segment of railroad track about 40 miles south of Seattle, Washington that was operated, managed, maintained, supervised, owned, designed, constructed and/or controlled, or contracted to operate, manage, maintain, supervise, own and/or control by Defendant AMTRAK.   AMTRAK Train No.

AMENDED COMPLAINT FOR DAMAGES - 2

LUVERA LAW FIRM
ATTORNEYS AT LAW
6700 COLUMBIA CENTER • 701 FIFTH AVENUE
SEATTLE, WASHINGTON  98104
(206) 467-6090

Margin comments:
- Formatted: Indent: First line: 0.5"
- Deleted: Defendant marketed and sold plaintiff a ticket for the inaugural run of AMTRAK Train No. 501 in Washington. On the morning of December 18, 2017, plaintiff boarded AMTRAK Train No. 501 as a passenger at the King Street Station in Seattle, Washington. …¶
¶
3.4
- Deleted: ¶
3.4

501 was operated by employees and/or agents of Defendant AMTRAK.

3.4 A sharp and dangerous curve existed on this segment where the railroad track crossed over I-5 from west to east.

3.5 On December 18, 2017, at approximately 7:33 a.m., AMTRAK Train No. 501 approached the curve and bridge crossing I-5 at a speed greatly exceeding the authorized, posted, safe and lawful speed limit for this segment of the track.

3.6 AMTRAK Train No. 501 derailed through the curve and at the bridge crossing I-5, causing serious injuries to plaintiff and other passengers on board the train.

3.7 As a result of derailment, Plaintiff was traumatized and hospitalized for care and treatment.

3.8 At all times relevant to this accident, Defendant AMTRAK equipped AMTRAK Train No. 501 with a Positive Train Control system (hereinafter "PTC"), but knowingly failed to make the system operable.

3.9 In 2008, Congress enacted the Rail Safety Improvement Act of 2008 (RSIA), which requires passenger railroads to install a PTC system no later than the end of 2015.

3.10 The PTC systems mandated by Congress were designed specifically to increase safety and prevent derailments caused by excessive speeds, among other purposes.

3.11 PTC provides real-time information to train crew members about, among other things, the areas in which a train must be slowed or stopped and the speed limits at approaching curves and other reduced-speed locations.

3.12 PTC also warns the train crew of the train's safe braking distance in curved or reduced-speed locations and displays the same on screens inside the locomotive's cab.

AMENDED COMPLAINT FOR DAMAGES - 3

**LUVERA LAW FIRM**
ATTORNEYS AT LAW

6700 COLUMBIA CENTER • 701 FIFTH AVENUE
SEATTLE, WASHINGTON  98104
(206) 467-6090

Deleted: 5
Deleted: 6
Deleted: 7
Deleted: 8
Deleted: 9
Deleted: 10
Deleted: 11
Deleted: 12
Deleted: 13

3.13   If the engineer does not respond to the ample warnings and on-screen displays, the PTC system will automatically activate the brakes and safely slow or stop the train.

3.14   At all times relevant hereto, PTC systems were affordable, available, feasible, and intended to improve safety.

3.15   Defendant AMTRAK knowingly and intentionally failed to utilize an operable PTC or similar safety control system on the AMTRAK Train No. 501 and the segment of railroad track where this tragic and preventable derailment occurred.

3.16   The failure to have PTC was a factor that caused AMTRAK Train No. 188 to derail in Philadelphia, Pennsylvania, in 2015 and to cause other derailments, collisions and injuries known to defendant.

3.17   The NTSB has been recommending train control systems for safety for years. Prior to December 18, 2017, Defendant AMTRAK knew that PTC systems safeguarded their transportation system, prevented derailments, and precluded passenger injuries.

3.18   Defendant AMTRAK failed to use available train control systems and other safety technologies that would have prevented the derailment and injuries to their passengers, and failed to warn passengers and the public it was marketing, selling, and operating commercial transportation without this long-recommended safety device.

### 4.   NATURE OF LIABILITY

4.1   Plaintiff's injuries, damages, and losses were proximately caused by Defendant AMTRAK's wrongful conduct under common law, federal and state statutes and regulations, rendering defendant liable and at fault for all injuries and damages.

Margin comments (deletions): "Deleted: 14", "Deleted: 15", "Deleted: 16", "Deleted: 17", "Deleted: 18", "Deleted: 19", "Deleted: and the Washington Consumer Protection Act,"

AMENDED COMPLAINT FOR DAMAGES - 4

LUVERA LAW FIRM
ATTORNEYS AT LAW
6700 COLUMBIA CENTER • 701 FIFTH AVENUE
SEATTLE, WASHINGTON  98104
(206) 467-6090

4.2 On December 18, 2017, Defendant AMTRAK, through its agents and/or employees, was a common carrier and owed passengers the highest duties of care, as well as duties of ordinary and reasonable care.

4.3 Defendant AMTRAK, through its agents and/or employees, was at fault and violated the highest duty of care, including but not limited to one or more of the following ways:

a. Failed to slow its train when it knew or should have known that the speed was too fast for the sharp and dangerous curve;

b. Operated the train in excess of the authorized, posted, safe, and lawful speed limit;

c. Failed to install and render operable proper train-control safety and speed systems;

d. Operated the train without keeping a safe and proper lookout;

e. Failed to comply with Defendant's own operational and safety plan, rules, standards, and procedures;

f. Failed to comply with the applicable federal standards of care, including, but not limited to, the failure to comply with applicable federal statutes or regulations;

g. Failed to properly train its agents and/or employees in the safe operations of the train;

h. Failed to properly supervise its agents and/or employees in the proper operation of the train.

4.4 Defendant AMTRAK is also liable for punitive and/or exemplary damages under choice of law principles for the reckless and/or willful disregard of the rights and safety of the passengers and the public.

## 5. INJURIES, HARM AND DAMAGES

5.1 As a direct and proximate result of one or more of the above acts and/or omissions of the Defendant AMTRAK, Plaintiff has suffered physical and emotional injuries, including but

AMENDED COMPLAINT FOR DAMAGES - 5

**Deleted:** 4.5  Defendant AMTRAK failed to provide material information to Dale Skyllingstad, thus acting unfairly or deceptively in trade or commerce in violation of the Washington Consumer Protection Act, RCW 19.86. *et seq*., including, but not limited to, the failure to inform him that: ¶
a. . Its engineer had insufficient experience and training to safely operate AMTRAK Train No. 501 on the route originating in Seattle on December 18, 2017;¶
¶
b.  AMTRAK operated the train with an assistant conductor who was neither certified nor qualified; ¶
¶
c. . AMTRAK operated the train without enabling and/or providing a fully operational PTC or other safety devices.¶

not limited to broken bones and internal injuries requiring past and future medical care, disability, loss of enjoyment of life, pain, anxiety, distress and emotional trauma, physical impairment and disfigurement, pecuniary and economic losses, and other injuries, harm, and noneconomic damages which are ongoing and the total amount of which will be proven at trial.

**6.    RELIEF CLAIMED**

6.1    Plaintiff claims all economic and non-economic damages along with all compensatory, pecuniary, and exemplary damages.

6.2    Plaintiff reserves the right to seek other damages as appropriate.

WHEREFORE, Plaintiff prays for judgment against Defendant, NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK, in such amount as will be proven at the time of trial, together with such other and further relief as the jury or court deems appropriate.

DATED this _____ day of _____, 2019.

                        LUVERA LAW FIRM

                        */s/ Robert N. Gellatly*
                        Robert N. Gellatly, WSBA 15284
                        David M. Beninger, WSBA 18432
                        Andrew Hoyal, WSBA 21349
                        6700 Columbia Center
                        701 Fifth Avenue
                        Seattle, WA  98104
                        Telephone: (206) 467-6090
                        robert@luveralawfirm.com
                        david@luveralawfirm.com
                        andy@luveralawfirm.com

                        Sean P. Driscoll
                        Kristofer S. Riddle
                        (Limited Admission Pursuant to APR 8(b))
                        Clifford Law Offices, P.C.
                        120 North LaSalle Street, Suite 3100
                        Chicago, Illinois 60602

AMENDED COMPLAINT FOR DAMAGES - 6

                                                  **LUVERA LAW FIRM**
                                                     ATTORNEYS AT LAW
                                     6700 COLUMBIA CENTER • 701 FIFTH AVENUE
                                          SEATTLE, WASHINGTON  98104
                                                   (206) 467-6090

---

**Margin comments (tracked changes):**

- **Deleted:** 5.2   Plaintiff has suffered injury and damages, including loss of business or property as a result of Defendant AMTRAK's violation of the Consumer Protection Act.
- **Deleted:** 6.2 . Plaintiff claims all fees and expenses, including attorney fees, treble damages, prejudgment interest and all other damages recoverable under Washington's Consumer Protection Act.¶ 6.3   Plaintiff seeks injunctive relief to protect the public.¶
- **Deleted:** 4
- **Deleted:** 3rd day of May, 2018

```
 1                              Telephone: 312-899-9090
                                Facsimile: 312-251-1160
 2                              Email: spd@cliffordlaw.com
                                       ksr@cliffordlaw.com
 3
                                Attorneys for Plaintiff Skyllingstad
 4
```

**Deleted:** CLIFFORD LAW OFFICES, P.C.¶
Robert A. Clifford¶
Kevin P. Durkin¶
Sean P. Driscoll¶
(pending issuance of order granting motion to be filed for Limited Admission Pursuant to APR 8(b)) ¶
120 N. LaSalle Street, 31st Floor¶
Chicago, Illinois 60602¶
Telephone: (312) 899-9090¶
Telephone: (312) 251-1160¶
rac@cliffordlaw.com¶
kpd@cliffordlaw.com¶
spd@cliffordlaw.com¶
¶
Attorneys for Plaintiff Skyllingstad¶

AMENDED COMPLAINT FOR DAMAGES - 7

**LUVERA LAW FIRM**
ATTORNEYS AT LAW
6700 COLUMBIA CENTER • 701 FIFTH AVENUE
SEATTLE, WASHINGTON 98104
(206) 467-6090